MARIA L. SAWIN & others *vs.* WILLIAM D. MARTIN.

One who is duly charged with having fraudulently received, concealed, embezzled and conveyed away property belonging to the estate of an insolvent debtor, may, under Gen. Sts. c. 118, § 107, be examined in the court of insolvency on oath, touching the same, and required to disclose all such matters as may not tend to criminate him.

HABEAS CORPUS. At the hearing in this court, before the chief justice, it appeared that one of the assignees in insolvency of the estate of George H. Sawin made a complaint on oath to the judge of insolvency, charging the wife of said Sawin and her brother and sister with having fraudulently received, concealed, embezzled and conveyed away property belonging to said estate; whereupon they were cited into that court and ordered to submit to an examination on oath upon the matter

of the complaint, and refused to submit to such examination They were thereupon severally taken in custody by the respondent, who was a constable, under a mittimus signed by the judge of insolvency.

*G. Sennott,* for the petitioners.

*R. M. Morse, Jr. & J. C. Ropes,* for the respondent.

HOAR, J. It has not been claimed on behalf of the respondent that the petitioners can be compelled to answer any interrogatory proposed, when the answer would tend to criminate them. The provision in the twelfth article of the bill of rights, that no subject shall "be compelled to accuse, or furnish evidence against himself," is too plain and explicit to admit of any debate upon this point. But the question which is presented for decision upon the return to these writs of *habeas corpus* is twofold : — 1. Whether the objection, which the petitioners made to submitting themselves to examination under the order of the judge of insolvency, was properly taken ; and, 2, whether the one hundred and seventh section of the one hundred and eighteenth chapter of the General Statutes is inoperative and void, because in conflict with the constitutional guaranty above recited. And upon both grounds we are of opinion that the petitioners have failed to establish their right to relief by this process, and must therefore be remanded to the custody of the officer, for the further execution of his precept.

It appears by the returns to the writs of *habeas corpus* that the petitioners were committed to the jail of the county of Suffolk by the order of the judge of insolvency, having been duly cited to appear and submit themselves to an examination upon oath, upon the complaint made to him upon oath that they were suspected of having fraudulently received, concealed, embezzled and conveyed away the money, goods, effects and estate of an insolvent debtor, and having refused to submit themselves to such examination. The proceeding is expressly authorized by the statute. Gen. Sts. *c.* 118, § 107.

1. In refusing to be sworn and submit themselves to examination, the petitioners have mistaken the time at which they could awfully interpose the objection upon which they rely. If

is not yet apparent that the complaint against them would in-
volve any criminal charge. And if it should, the time to take
the objection is after they have been sworn, and when their
refusal to testify for that reason would be made upon oath, and
in the due course of their examination.

2. But when they shall have submitted themselves to exam-
ination, we do not think that it yet appears that their answering
the questions proposed would tend to criminate them. Unless
they were guilty of some act which the law makes criminal,
they are not entitled to be excused from answering fully in
respect to having fraudulently received, concealed or conveyed
away the property of the insolvent, which ought to go to the
assignee for the benefit of the creditors. If the complaint in-
cludes a criminal act among those charged, it is no reason why
the person cited to testify should not be required to disclose the
truth respecting other matters which are not criminal. That the
party under examination could not testify upon some of the
subjects of complaint and investigation, without criminating
himself, is no ground of objection to testifying on other and
distinct subjects of inquiry.

Nor do we think that the word " embezzled," in the statute, is
to be construed as referring to a criminal embezzlement. It is
not to be supposed that the legislature intended that a person
charged with a crime should be compelled to answer under oath
whether he is guilty of it. Its meaning is rather to be found in
the words with which it is connected, and as importing an act
which is a violation of a civil right, and not the technical offence
·of embezzlement under the statute. The meaning and purpose
of the section under consideration were fully explained in the
exposition of *St.* 1846, *c.* 168, § 1, from which it was taken, in
the opinion given by Chief Justice Shaw in *Harlow* v. *Tufts,*
4 Cush. 448. The right of the legislature to require a disclos-
ure in answer to a complaint under that statute was fully sus-
tained by this court; and the petitioners are bound to submit
themselves to examination until they can state, as an objection
to some specific interrogatory, that an answer to it would tend
to criminate them.                                    *Petitioners remanded.*